B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois
**Case No. 12−43834**
**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
　Alan Molumby
　646 North Damen
　Chicago, IL 60622

Social Security / Individual Taxpayer ID No.:
　xxx−xx−5905

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

　　It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

　　　　　　　　　　　　　　　　　　　　　　　FOR THE COURT

Dated: February 5, 2013　　　　　　　　　　　Kenneth S. Gardner, Clerk
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

```
                       United States Bankruptcy Court
                        Northern District of Illinois
In re:                                                         Case No. 12-43834-CAD
Alan Molumby                                                   Chapter 7
         Debtor
                             CERTIFICATE OF NOTICE
District/off: 0752-1          User: admin              Page 1 of 2          Date Rcvd: Feb 05, 2013
                              Form ID: b18             Total Noticed: 7


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 07, 2013.
db            +Alan Molumby,   646 North Damen,   Chicago, IL 60622-5501
19654027      +Bank Of America,    Po Box 982235,   El Paso, TX 79998-2235
19654031      +Select Portfolio Svcin,   Po Box 65250,   Salt Lake City, UT 84165-0250

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr             +EDI: QPVMARTINO.COM Feb 06 2013 01:44:00       Philip V Martino, ESQ,   Quarles & Brady,
                 300 N. LaSalle,   Suite 4000,   Chicago, IL 60654-5427
19654028       +EDI: BANKAMER.COM Feb 06 2013 01:43:00       Bank Of America, N.A.,   4161 Piedmont Pkwy,
                 Greensboro, NC 27410-8119
19654029       +EDI: CHASE.COM Feb 06 2013 01:43:00       Chase,   Po Box 15298,   Wilmington, DE 19850-5298
19654030       +EDI: CITICORP.COM Feb 06 2013 01:43:00       Citi,   Po Box 6241,   Sioux Falls, SD 57117-6241
                                                                                            TOTAL: 4

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 07, 2013**                    **Signature:**  _Joseph Speetjens_

```
District/off: 0752-1          User: admin              Page 2 of 2              Date Rcvd: Feb 05, 2013
                              Form ID: b18             Total Noticed: 7


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 5, 2013 at the address(es) listed below:
              Monica   Morariu    on behalf of Debtor Alan   Molumby monica@citizenslawgroup.com,
               josh@citizenslawgroup.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Philip V Martino, ESQ    philip.martino@quarles.com,
               pmartino@ecf.epiqsystems.com;jim.irving@DLApiper.com;colleen.greer@quarles.com;wemet@quarles.com
                                                                                             TOTAL: 3
```